IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JENN BROTHERS,
Plaintiff,

v.

AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania,
Defendant.

Civil No. 3:26-CV-02642
Hon. Jennifer P. Wilson

PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Jenn Brothers, proceeding pro se, respectfully moves this Court under Federal Rule of Civil Procedure 65 for a temporary restraining order and preliminary injunction preserving her opportunity to appear on the November 2026 general-election ballot for the United States House of Representatives, Pennsylvania's Ninth Congressional District.

This motion presents a constitutional challenge to the application of Pennsylvania's independent-candidate ballot-access requirement under the particular circumstances alleged in Plaintiff's Complaint. Plaintiff does not ask this Court to adjudicate the validity, sufficiency, or calculation of individual nomination signatures. The constitutional question is whether the State may impose a substantially heightened ballot-access burden on an independent congressional candidate where obtaining access to the ballot requires substantial public political association in an environment in which such association may carry demonstrated political consequences.

I. THE CHALLENGED BURDEN

Pennsylvania requires 1,000 signatures for a candidate seeking a party nomination at the primary for Representative in Congress. 25 P.S. § 2872.1(12).

For an independent candidate seeking the same congressional office, Pennsylvania's nomination-paper statute requires signatures equal to at least two percent of the largest entire vote cast for any officer elected at the preceding election in the district, subject to the statutory floor. 25 P.S. § 2911(b).

In the 2024 general election for Pennsylvania's Ninth Congressional District, the highest vote total for an office elected in the district was 276,221. Applying the statutory two-percent calculation produces a requirement of 5,525 signatures.

Plaintiff does not challenge these requirements in the abstract. She challenges their application in the political circumstances alleged in this case and the resulting burden on the rights of candidates and voters to associate, speak, and participate in the electoral process.

## II. THE POLITICAL ENVIRONMENT IS RELEVANT TO THE PRACTICAL BURDEN

Plaintiff initially participated within the Democratic Party's candidate-selection structure. During that period, Plaintiff alleges that she raised concerns regarding potentially underreported campaign-related financial activity. Plaintiff further alleges that those concerns were followed by political retaliation, harassment, and other adverse consequences.

Plaintiff does not ask this Court to adjudicate those underlying financial allegations as a separate cause of action. She presents them as factual circumstances demonstrating why the political consequences associated with challenging established political interests are not merely hypothetical.

Plaintiff subsequently pursued an independent candidacy. Evidence described in the Complaint includes alleged enforcement of party rules against individuals who supported candidates outside the party's preferred structure, including the removal of an elected party organization member after supporting Plaintiff's independent candidacy. Plaintiff also alleges adverse consequences experienced by another member of her campaign team.

These allegations are relevant to the practical operation of the State's ballot-access requirement. An independent candidate does not obtain ballot access merely by expressing political support. The statutory process requires substantial public political association with the candidate. Where political association may carry adverse consequences, the burden imposed by the State is materially different from the numerical signature requirement considered in isolation.

## III. PRIVATE PARTY CONDUCT IS NOT ITSELF THE CLAIMED STATE ACTION

Plaintiff does not contend that the Democratic Party's private conduct, standing alone, constitutes state action. Nor does Plaintiff ask this Court to convert a private political organization into a governmental actor.

The Third Circuit has recognized important limits concerning when private political-party conduct may be attributed to the State. See Max v. Republican Comm. of Lancaster Cnty., 587 F.3d 198 (3d Cir. 2009).

Plaintiff instead challenges the State-imposed ballot-access requirement. The alleged private-party conduct is evidence of the political environment in which that State requirement operates and of the practical severity of the burden imposed upon political association.

Plaintiff describes the resulting concern as a form of usurpation in a limited sense. She does not allege that a private organization has formally acquired Commonwealth authority. Rather, she alleges that private political rules operating alongside a State-imposed ballot-access requirement may, in practice, intrude upon the Commonwealth's responsibility to maintain a fair and meaningful electoral process by making access to that process dependent upon public political associations that may carry consequences.

That distinction is important. The Court need not find that the political party is a state actor to consider whether the State's own ballot-access requirement places an unconstitutional burden upon protected political association.

IV. THE ALLEGED RETALIATION ALSO BEARS ON THE PUBLIC INTEREST

The circumstances alleged by Plaintiff raise a broader accountability concern.

Political organizations exercise substantial influence over access to the electoral process. Individuals who identify suspected financial irregularities or other misconduct within those organizations must be able to do so without being effectively deterred from political participation by fear of retaliation.

Plaintiff does not bring a separate whistleblower claim here. She relies on the alleged retaliation for the narrower purpose of demonstrating the practical consequences associated with political dissent and public association outside an established party structure.

A political environment in which individuals may face consequences for reporting suspected wrongdoing or supporting candidates outside an established party structure can discourage both political participation and the exposure of misconduct. When a substantially greater State-imposed ballot-access burden operates within that environment, the burden falls not only upon the candidate but upon voters and political participants whose association is necessary to satisfy the State's requirement.

The public interest therefore includes preserving an electoral process in which political organizations remain subject to scrutiny and voters remain able to associate with candidates outside established party structures without being effectively deterred by the combined consequences alleged here.

V. IRREPARABLE HARM

Without immediate relief, Plaintiff risks losing the opportunity to appear on the November 2026 general-election ballot.

The resulting harm cannot be fully remedied through monetary damages. Election opportunities, voter contact, campaign events, public forums, endorsements, media coverage,

and the opportunity to develop voter awareness cannot be recreated after the election has occurred.

The harm also extends to voters who may wish to associate with and vote for Plaintiff but will be unable to do so if Plaintiff is excluded from the ballot.

VI. BALANCE OF EQUITIES AND PUBLIC INTEREST

The requested relief would preserve the status quo necessary for meaningful judicial review of Plaintiff's constitutional claim. It would not require the Court to adjudicate the validity of individual signatures or resolve the underlying allegations of financial misconduct.

Plaintiff seeks only to prevent the challenged State requirement from foreclosing her participation before the constitutional question can be meaningfully adjudicated.

The Commonwealth retains its legitimate interests in orderly elections, preventing frivolous candidacies, and administering the electoral process. Plaintiff does not ask the Court to disregard those interests. She asks the Court to determine whether those interests justify the burden imposed under the circumstances alleged here.

The public interest favors allowing constitutional claims concerning ballot access to receive meaningful review before the challenged election opportunity becomes irretrievable.

VII. EMERGENCY RELIEF IS NECESSARY

The November 2026 election is approaching, and ballot-administration decisions occur on a timetable that can rapidly eliminate meaningful judicial relief.

Delay risks rendering any eventual ruling ineffectual. Once ballots are finalized, printed, distributed, or otherwise administered without Plaintiff's name, the practical harm becomes increasingly difficult to remedy.

Plaintiff therefore requests expedited consideration of this motion and such hearing as the Court determines appropriate.

VIII. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter a temporary restraining order preserving Plaintiff's opportunity to appear on the November 2026 general-election ballot for United States Representative, Pennsylvania's Ninth Congressional District;

2. Preliminarily enjoin Defendant from excluding Plaintiff from the ballot based upon application of Pennsylvania's independent-candidate signature requirement in violation of Plaintiff's rights under the First and Fourteenth Amendments;
3. Direct the appropriate Pennsylvania election authorities to take the steps necessary to preserve Plaintiff's ballot placement pending final adjudication of the constitutional claims;
4. Grant expedited consideration of this matter because delay may result in irreparable and effectively unreviewable harm;
5. Permit Plaintiff to litigate the constitutional issue without unnecessary public disclosure of individual supporters' identities or nomination-paper information beyond what is required by law or ordered by the Court; and
6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Jenn Brothers
Plaintiff, Pro Se
1688 State Route 367
Laceyville, PA 18623
Telephone: (865)712-8504
Email: jennbrothersforcongress@gmail.com
Date: September 24, 2026